1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MARTY GLEN ALLEN,

12              Plaintiff,                    No. CIV S-08-0944 JAM CMK P

13        vs.

14   J. WALKER,

15              Defendant.                    <u>ORDER</u>

16   _____/

17              Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant

18   to 42 U.S.C. § 1983.  Pending before the court is plaintiff's complaint (Doc. 1).

19              The court is required to screen complaints brought by prisoners seeking relief

20   against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C.

21   § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or

22   malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

23   from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

24   the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

25   statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

26   This means that claims must be stated simply, concisely, and directly.  <u>See</u> <u>McHenry v. Renne</u>,

1

1  84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied

2  if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon

3  which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must

4  allege with at least some degree of particularity overt acts by specific defendants which support

5  the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

6  impossible for the court to conduct the screening required by law when the allegations are vague

7  and conclusory.

8

9                              **I.  PLAINTIFF'S ALLEGATIONS**

10        Plaintiff's complaint raises allegations relating to his inability to access the prison

11  law library.  He states:

12        There are restrictions on access to the Law Library because the
          prison does not consider the running of the Federal Statute of
13        Limitations to be a "30 day Deadline". and thus, petitioner is
          allowed access only on days that yard is scheduled, and then, only
14        if there is room, which there never is.  Because of petitioner's lack
          of education/lack of Legal training, petitioner needs help to prepare
15        motions and study case law, thus, challenges prison conditions.

16  (Complaint at 3).

17        It appears plaintiff originally filed this complaint in his pending habeas corpus

18  action.  Attached as an exhibit to his complaint is an order from his habeas case denying his

19  request for an order allowing him access to the law library.  His request was denied by the judge

20  in his habeas action as improperly filed (because it was challenging the conditions of his

21  confinement).  Thereafter, he filed it as the basis of this action under 42 U.S.C.§ 1983.

22

23                                   **II.  DISCUSSION**

24        Prisoners have a constitutional right of access to the courts.  See Lewis v. Casey,

25  518 U.S. 343, 346 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977); Bradley v. Hall, 64 F.3d

26  1276, 1279 (9th Cir. 1995) (discussing the right in the context of prison grievance procedures).

1   This right requires prison officials to "assist inmates in the preparation and filing of meaningful

2   legal papers by providing prisoners with adequate law libraries or adequate assistance from

3   persons trained in the law." Bounds, 430 U.S. at 828.  The right, however, only requires that

4   prisoners have the capability of bringing challenges to sentences or conditions of confinement.

5   See Lewis, 518 U.S. at 356-57.  Moreover, the right is limited to non-frivolous criminal appeals,

6   habeas corpus actions, and § 1983 suits.  See id. at 353 n.3 & 354-55.  Therefore, the right of

7   access to the courts is only a right to present these kinds of claims to the court, and not a right to

8   discover claims or to litigate them effectively once filed.  See id. at 354-55.

9           As a jurisdictional requirement flowing from the standing doctrine, the prisoner

10  must allege an actual injury.  See id. at 349.  "Actual injury" is prejudice with respect to

11  contemplated or existing litigation, such as the inability to meet a filing deadline or present a

12  non-frivolous claim.  See id.; see also Phillips v. Hust, 477 F.3d 1070, 1075 (9th Cir. 2007).

13  Delays in providing legal materials or assistance which result in prejudice are "not of

14  constitutional significance" if the delay is reasonably related to legitimate penological purposes.

15  Lewis, 518 U.S. at 362.

16          To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual

17  connection or link between the actions of the named defendants and the alleged deprivations.

18  See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

19  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

20  meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts, or

21  omits to perform an act which he is legally required to do that causes the deprivation of which

22  complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and

23  conclusory allegations concerning the involvement of official personnel in civil rights violations

24  are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the

25  plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged

26  constitutional deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

3

1    Plaintiff's complaint fails to state a claim for a number of reasons.  First, plaintiff
2    fails to allege an actual link between the actions of the defendants and the alleged deprivations.
3    He names warden Walker as a defendant as well as "Custody Staff, Librarian, CSP-Sacramento."
4    However, he does not make any factual allegations as to any specific individual.  In addition, he
5    does not identify the "custody staff" or librarian, nor does he specify what these individuals have
6    done.

7    Second, plaintiff fails to allege actual injury, such as a missed statute of limitation.
8    Nor does he allege he was unable to bringing a challenge regarding his sentence or conditions of
9    confinement.  He makes a vague allegation regarding the running of a statue of limitations, but
10   does not state that he has missed a statute of limitation deadline due to any individual's behavior.
11   Plaintiff is required to make specific allegations as to the defendant's actions which have violated
12   his constitutional rights.  The vague allegations plaintiff makes are not sufficient.

13

14                              **III.  CONCLUSION**

15   Because it is possible that the deficiencies identified in this order may be cured by
16   amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire
17   action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is
18   informed that, as a general rule, an amended complaint supersedes the original complaint.  See
19   Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to
20   amend, all claims alleged in the original complaint which are not alleged in the amended
21   complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if
22   plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make
23   plaintiff's amended complaint complete.  See Local Rule 15-220.  An amended complaint must
24   be complete in itself without reference to any prior pleading.  See id.

25   If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
26   conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

1    Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how

2    each named defendant is involved, and must set forth some affirmative link or connection

3    between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d

4    164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

5        Finally, plaintiff is warned that failure to file an amended complaint within the

6    time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at

7    1260-61; see also Local Rule 11-110.  Plaintiff is also warned that a complaint which fails to

8    comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule

9    41(b).  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

10        Accordingly, IT IS HEREBY ORDERED that:

11        1.     Plaintiff's complaint (Doc. 1) is dismissed with leave to amend; and

12        2.     Plaintiff shall file an amended complaint within 30 days of the date of

13    service of this order.

14

15    DATED: October 6, 2008

16

17                  **CRAIG M. KELLISON**
                    UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26