IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARTY GLEN ALLEN,　　　　　　　　　　No. CIV S-08-0944-JAM-CMK-P

　　　　Plaintiff,

　　vs.　　　　　　　　　　　　　　　FINDINGS AND RECOMMENDATIONS

J. WALKER,

　　　　Defendant.

_____/

　　　　　Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's amended complaint (Doc. 19).

　　　　　The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne,

1

84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

Plaintiff names Walker, the warden at California State Prison – Sacramento as the only defendant. Plaintiff alleges as follows:

> I was unable to file a STAY in order to go back to the lower courts and Federalize issues that my appellate attorney failed to Federalize. Because when I was ordered to either dismiss my Habeas or bring only the exhausted issues, I was not aware I could have asked for a stay when I asked the court to proceed with the exhausted issues. I filed a stay after I asked to proceed with the exhausted issues it was too late. And the assistance I needed the Stay order and the help I needed to file the Stay were in the Library. I am only able to access the library for 2 hrs. at the most as plu. Per week I need more time in order to be able to complete any legal work. I have no legal training and the prison don't think of a Federal Habeas Corpus as being a thirty 30 day deadline. Please see appendix A attached.

Plaintiff seeks an order staying his federal habeas case pending exhaustion in state court. He also seeks additional prison law library access. "Appendix A" is a blank prison law library photo copy request form.

Addressing similar allegations in the original complaint, which also named Walker as the only defendant, the court stated:

> Prisoners have a constitutional right of access to the courts. See Lewis v. Casey, 518 U.S. 343, 346 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977); Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995) (discussing the right in the context of prison grievance procedures). This right requires prison officials to "assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds, 430 U.S. at 828. The right, however, only requires that prisoners have the capability of bringing challenges to sentences or conditions of

2

confinement. See Lewis, 518 U.S. at 356-57. Moreover, the right is limited to non-frivolous criminal appeals, habeas corpus actions, and § 1983 suits. See id. at 353 n.3 & 354-55. Therefore, the right of access to the courts is only a right to present these kinds of claims to the court, and not a right to discover claims or to litigate them effectively once filed. See id. at 354-55.

As a jurisdictional requirement flowing from the standing doctrine, the prisoner must allege an actual injury. See id. at 349. "Actual injury" is prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim. See id.; see also Phillips v. Hust, 477 F.3d 1070, 1075 (9th Cir. 2007). Delays in providing legal materials or assistance which result in prejudice are "not of constitutional significance" if the delay is reasonably related to legitimate penological purposes. Lewis, 518 U.S. at 362.

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Plaintiff's complaint fails to state a claim for a number of reasons. First, plaintiff fails to allege an actual link between the actions of the defendants and the alleged deprivations. He names warden Walker as a defendant as well as "Custody Staff, Librarian, CSP-Sacramento." However, he does not make any factual allegations as to any specific individual. In addition, he does not identify the "custody staff" or librarian, nor does he specify what these individuals have done.

Second, plaintiff fails to allege actual injury, such as a missed statute of limitation. Nor does he allege he was unable to bringing a challenge regarding his sentence or conditions of confinement. He makes a vague allegation regarding the running of a statue of limitations, but does not state that he has missed a statute of limitation deadline due to any individual's behavior. Plaintiff is required to make specific allegations as to the defendant's actions which have violated his constitutional rights. The vague allegations plaintiff makes are not sufficient.

These problems persist in the amended complaint. It thus appears that plaintiff is either unwilling or unable to state a cognizable claim.

///

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that this action be dismissed, without prejudice, for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 23, 2009

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

4